[No. 20635.    In Bank. — March 6, 1890.]

# Ex parte JACOB ROSENHEIM et al., on Habeas Corpus.

Habeas Corpus — Conviction for Conspiracy — Complaint — Excessive Fine. — The sufficiency of the complaint to state a cause of action so as to sustain a conviction for the crime of conspiracy will not be considered upon *habeas corpus*, if the complaint is not made a part of the petition or referred to in the return, or made in any manner a part of the record; nor will the fine imposed upon such conviction be deemed excessive, or an abuse of the discretion of the court, if it acted within the powers conferred upon it by statute.

Id. — Further Imprisonment for Failure to Pay Fine after Judgment of Imprisonment. — When the court sentences a defendant to a term of imprisonment, and also to pay a fine, there can be no further imprisonment for non-payment of the fine, under section 1205 of the Penal Code, that section not applying to cases in which the judgment is for a fine coupled with a sentence of imprisonment. (Beatty, C. J., dissenting.)

Application to the Supreme Court for writ of *habeas corpus*. The facts are stated in the opinion of the court.

*George A. Knight,* for Petitioners.

*Attorney-General Johnson,* for Respondent.

Paterson, J. — The petitioners are before us on a writ of *habeas corpus*. They were convicted in the police court of the city and county of San Francisco, December 10, 1888, of the crime of conspiracy, and sentenced respectively to serve a term of one year in the county jail, and to pay a fine, each, of one thousand dollars, and in default of payment thereof at the expiration of the one-year term of imprisonment, to be confined in said jail until the fine be paid, at the rate of one day for every dollar thereof.

The first point made by counsel for petitioner is, that the complaint under which they were prosecuted and convicted does not state facts sufficient to constitute a cause of action, and the judgment is therefore void. This point cannot be considered, because the complaint

is not before us; it is not made a part of the petition, it is not referred to in the return, no objection was made to the sufficiency of the return, and no offer was made at the time the matter was submitted to make the complaint a part of the record for our consideration.

The next point urged against the validity of the judgment is, that the court below abused its discretion, and imposed a fine which is excessive, within the meaning of article 1, section 6, of the constitution. The court imposed the maximum penalty allowed by law. It is contended that the punishment for this offense — conspiracy to obtain money by false pretenses — was never intended to be as great as that inflicted upon those found guilty of conspiracy to murder. Yet the court has in this case visited upon the petitioners a penalty as great as could have been imposed upon them if they had been charged with and found guilty of conspiracy to murder. It is sufficient to say, in answer to this suggestion, that the court acted within the powers conferred upon it by the statute, and the statute itself makes no distinction — gives no direction — as to the penalties to be imposed in cases of conviction of the various offenses enumerated in the statute. It cannot be said, as a matter of law, that four years' imprisonment upon conviction of the crime charged is excessive, or that the punishment is cruel, within the meaning of article 1, section 6, of the constitution.

The petitioners claim that, having served the one-year term of imprisonment imposed by the judgment, they cannot now be imprisoned for failure to pay the fine of one thousand dollars.

They contend that section 1205 of the Penal Code does not apply to cases in which the judgment is for a fine coupled with a sentence of imprisonment, but applies only to cases in which a fine stands alone as the punishment.

In *People* v. *Righetti*, 66 Cal. 184, the court in Depart-

ment held that said section does apply to cases of fine, whether the fine be coupled with a sentence of imprisonment or stand alone as the only punishment. In *Ex parte Neustadt*, 82 Cal. 273, we took occasion to express a doubt as to the correctness of the decision in that case, but the question not being directly involved, no decision was made in relation to it. In *Ex parte Wadleigh*, 82 Cal. 518, Justice McFarland expressed a doubt as to whether a defendant could be imprisoned in a county jail beyond the maximum term of imprisonment prescribed by the statute as a punishment for the offense of which he has been convicted, and gave his reasons therefor. Upon a further consideration of the question, we are led to believe, and so decide, that section 1205 is inapplicable to cases in which the court has imposed a term of imprisonment and also a fine. That section provides that " a judgment that the defendant *pay a fine* may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, and which must not exceed one day for every dollar of the fine." There is nothing in the letter of this statute, we think, which indicates an intention to make it applicable to cases in which the court itself fixes a term of imprisonment absolute, and then imposes a fine. Section 1214 of the Penal Code provides that " if the judgment is for a fine alone, execution may be issued thereon as on a judgment in a civil action." Section 1215 provides that if the judgment is for imprisonment, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with, and if the judgment is for " fine and imprisonment until it [the fine] be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with." The provisions of the sections are in the disjunctive, " if the judgment is for imprisonment, *or* a fine and imprisonment until it is paid," etc.

Here cases of fine, cases of imprisonment, and cases of fine *and imprisonment until the fine is paid* are provided for; but the code nowhere expressly provides for imprisonment and fine coupled with imprisonment until the fine be paid, after the expiration of the fixed term of imprisonment. The provisions of sections 1214 and 1215, *supra,* were not considered by the court in *People* v. *Righetti,* but they strengthen the theory that the legislature did not intend section 1205 to apply to judgments for both imprisonment and fine. If those who framed and adopted section 1205 had intended it to apply to judgments that the defendant be imprisoned for a certain term fixed by the court and pay a fine, it would have been easy to have so declared. In other sections in the same title the distinction between judgments of fine alone and imprisonment until it be paid and judgments for both fine and imprisonment is carefully preserved. "A judgment that the defendant *pay a fine* may also direct," etc., says section 1295. The judgment before us is not, correctly speaking and fully expressing it, a judgment that the defendant pay a fine; it is a judgment *that he be imprisoned* and that he pay a fine. Within the letter of the statute, therefore, there is no authority for its application to cases of this kind, and it is only by judicial grafting upon legislation that the section can be made to support the additional penalty imposed by this judgment. While it is true, the rule of the common law that penal statutes are to be strictly construed has been abrogated by the code, which provides that "all its provisions are to be construed according to the fair import of their terms, with a view to effect its object and promote justice," it is also true that the defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute, and we think the least that can be admitted fairly by those who claim the application

of section 1205 to judgments of this kind is that the intention of the legislature to make it applicable to such cases is not clearly and with certainty expressed in the language used. The construction we place upon it brings it in harmony with other provisions of the same title which prescribe the manner in which penal judgments shall be executed, and is consistent with the "fair import of its terms" and the object of the code. The legislature fixes in all cases the maximum term, and in some cases the minimum term, of imprisonment to be imposed by the court, and never intended, we think, to authorize the court, under the guise of a fine, and the collection thereof, to extend the maximum term of imprisonment, as was done in this case, to a term several times greater than the term fixed by the statute. Of course the legislature might, if it saw fit to do so, provide for the collection by imprisonment of all fines, whether the judgment be one of fine alone or one of both fine and imprisonment; but has the legislature so provided? We think it has not; and unless it has clearly conferred upon the court authority therefor, it is our duty to hold that the additional penalty cannot be imposed, and that the judgment to that extent is void.

It is ordered that the petitioners be discharged from custody.

McFarland, J., Works, J., Sharpstein, J., and Fox, J., concurred.

Beatty, C. J., dissented.