Morrow, District Judge.
The petitioner was convicted in this court on the 5th day of May, A. D. 1890, upon three indictments for a violation of section 5480 of the Revised Statutes of the United States in using the post office establishment of the United States in carrying out a scheme to defraud. He was thereupon sentenced upon the first indictment to pay a fine of $250, and to be imprisoned for the term of 18 months, and, in default of pajmient of the fine, to be further imprisoned until the fine is paid. Upon the second indictment he was sentenced to paya fine of $250, and to be imprisoned for the term of 12 months, and, in default of payment of the fine, to be further imprisoned until the fine is paid. Upon the third indictment he was sentenced to pay a fine of $250, and to be imprisoned for the term of six months, and, in default of payment of the fine, to be further imprisoned until the fine is paid. The aggregate term of imprisonment was therefore 36 months, and the fines amounted to $750. In the petition for the writ of habeas corpus it is alleged, in substance, that, allowing the petitioner such deductions and credits as are provided by law, his term of imprisonment has expired, and that he is now held in custody solely for the collection of a debt, to wit, the fines imposed by the court. From the return of the warden of the state prison it appears that, deducting the credits allowed by law, the petitioner has served his time of 36 months’ imprisonment, and that he is now held in custody by reason of the nonpayment of the fines imposed as part of the sentence in each case. The petitioner alleges that he is being imprisoned for a debt, and that he is entitled to his discharge, on the ground that such imprisonment is illegal.
Section 990 of the Revised Statutes provides as follows:
“No person shall be imprisoned for debt in any state, on process issuing from a court of the United States, where, by the laws of such state, imprisonment for debt has been or shall be abolished. And all modifications, conditions, and restrictions upon imprisonment for debt provided by the laws of *584 any state shall be applicable to the process issuing from the courts of the United States to be executed therein, and the same course of proceedings shall be adopted therein as may be adopted in the courts of such state.”
The constitution of this state provides, (article 1, § 15:)
“No person shall be imprisoned for debt in any civil action or mesne or final process unless in cases of fraud; nor in civil actions for torts, except in cases of willful injury to persons or property; and no person shall be imprisoned for a militia fine in time of peace.”
It is claimed that under this provision of the constitution imprisonment for debt has been abolished, but it will be observed that the constitutional provision relates only to civil actions, and even as to those imprisonment may still be imposed in cases of fraud and in civil actions for tort, where there has been willful injury to person or property. It is urged, however, that under this constitutional provision a modification^ condition, or restriction has been placed upon imprisonment by the laws of this state, which, under section 990 of the Revised Statutes, is made applicable to process issuing from the courts of the United States in criminal cases. This modification, condition, or restriction is claimed to be contained in section 1205 of the Penal Code of this state, as follows:
“A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which must not exceed one day for every dollar of the fine.”
In Ex parte Rosenheim, 83 Cal. 388, 23 Pac. Rep. 372, the supreme court of this state held that under this section there could be no further imprisonment for a nonpayment of a fine, where the fine was coupled with a sentence of imprisonment; but that decision turned upon the wording of section 1205 of the Penal Code, and not upon the constitutional provision abolishing imprisonment for debt. The court simply held that this section did not apply to eases in which the judgment is for a fine coupled with a sentence for imprisonment. It is expressly stated in the opinion of the court that the legislature might, if it saw fit to do so, provide for the collection by imprisonment of all fines, whether the judgment be one of fine alone or one of both fine and imprisonment; but it was held that the legislature had not so provided, and therefore the judgment of the court in that case, imposing imprisonment until the fine be satisfied, was void.
How the absence of legislation on the part of the state providing for imprisonment in default of payment of a fine can be made applicable to a case arising under a law of the United States is not very clear. It is true that counsel for the petitioner urges with great earnestness that a fine is a debt, and that, as there is now no law in this state for imposing imprisonment until a fine is paid, therefore this absence of law is a modification or restriction upon imprisonment for debt. This argument is ingenious, but it is not sound, for the reason that it is not based upon a correct interpretation of section 990 of the Revised Statutes. Can it be supposed that congress intended to give to the states the power to regulate and control the measure of punishments to be inflicted by the courts *585 of the United States in the execution of the criminal laws of the national jurisdiction? The construction contended for on behalf of the petitioner would largely involve this result, and make the punishment in many cases depend, not upon the judgment of the court, or the laws of its jurisdiction, but the diverse statutes of the different states. Take, for instance, a statute of the United States imposing a fine and imprisonment. In one state imprisonment would be continued until the fine is paid; in another state the fine would be discharged by imprisonment, at a certain rate per day; while in another state the fine would be abolished altogether. It does not seem possible that such consequences would have been left to discovery by a process of verbal construction. It would be more consistent with the rules established for the construction of United States statutes to say that if congress had intended to so modify its criminal laws it would have done so by express and unequivocal language. But it is conceding too much to say that congress has omitted to express its will with respect to a limitation upon imprisonment for a fine. In the act of June 1, 1872, (17 St. at Large, pp. 196-198,) it is provided, in section 14, (sections 1042 and 5296, Rev. St.,) that a poor convict, sentenced to be imprisoned and to pay a fine or fine and costs, and having been imprisoned 80 days solely for the nonpayment of such fine or fine and costs, may be discharged on application to a commissioner of a United States court for the district where he is imprisoned, upon showing that he is unable to pay such fine or fine and costs, and that he has not any property exceeding $20 in value, except such as is by law exempt from being taken on execution for debt. Having legislated upon the subject so as to provide for the discharge of the poor convict, upon certain conditions, after a service of 30 days for the nonpayment of the fine, how can it be said with reason that the discharge of the convict worth more than $20 has been left to be regulated by the laws of the state, when the conditions might be such as to discharge such a convict without any service whatever for the nonpayment of the fine? Such an interlacing of national and state authority in the execution of the criminal laws of the general government would only be tolerated where the procedure has been clearly established.
Returning now to section 990 of the Revised Statutes, it appears clear, in the light of these considerations, that it was intended to apply to civil cases only, and such has been the construction placed upon it by the courts. In U. S. v. Hewes, Crabbe, 307, the court went so far as to hold that the statute did not even affect the United States as a party to a civil action. This decision, however, has not been followed by the courts of the United States, and in U. S. v. Tetlow, 2 Low. 159, the exemption has been expressly denied. In U. S. v. Walsh, Deady, 281, the United States brought a civil action in the district court of Oregon against the defendant to recover certain penalties for making, preparing, and selling matches without the same being stamped as required by the internal revenue laws. The court made an order for the arrest of the defendant, and, upon being arrested, he gave bail, whereupon his attorney filed a motion to vacate the order, on the ground that it was *586 improperly allowed. It was claimed that, as the constitution of Oregon provided that there should be no imprisonment for debt in that state except in case of fraud or absconding debtors, the United States was not entitled to arrest a defendant in an action for a penalty. The court, in denying the motion, said:
“The word ‘ debt ’ is of very general use, and has many shades of meaning. Looking to the origin and progress of the change in public opinion, which finally led to the abolition of imprisonment for debt, it is reasonable to presume that this provision in the state constitution was intended to prevent the useless and often cruel imprisonment of persons who, having honestly become indebted to another, are unable to pay as they undertook and promised. In this view of the matter, the clause in question should be construed as if it read: ‘ There shall be no imprisonment for debt arising upon contract, express or implied, except,’ etc. Such is substantially the language employed in the legislative acts of most of the states abolishing imprisonment for debt, and there can be but little doubt that this was the end which the framers of the constitution had in view, as well as the popular understanding of the clause when the instrument was adopted at the polls.”
In Low v. Durfee, 5 Fed. Rep. 256, Judge Lowell, in the circuit court of Massachusetts, held that—
“The intent of Rev. St. §§ 990, 991, is that in civil actions for debt the defendant shall be subject to imprisonment, and be released therefrom precisely as he would be under the law of the state.”
In McCool v. State, 23 Ind. 127, the defendant was sentenced to pay fine of five dollars and costs, and stand committed until the fine and costs were paid. It was claimed that the court erred in adjudging that the defendant should be committed for the payment of costs, for the reason that the costs were due to private parties, officers, etc., and, as the* constitution prohibited imprisonment for debt'except in cases of fraud, the imprisonment of the defendant until the costs were paid was in conflict with the constitution of the state. The court disposed of this claim in the following language:
“The costs are but an incident of the fine assessed, resulting from the same act; and, although they are due to the officers of the court and witnesses for services rendered in the course of the prosecution, they are adjudged against the defendant because of his criminal act, and may be fairly regarded as a part of the punishment. The fine, when assessed, becomes a fixed liability to pay the state a definite amount of money. The costs are taxed, and are due to the officers and witnesses; and we are at a loss to perceive upon what principle the latter is a debt, within the meaning of the section of the constitution referred to, while the former is not. The fact that the one is payable to the state and the other to individuals, we think furnishes no ground for such a distinction. In our opinion, neither of them is a debt, within the meaning of the constitutional provision referred to, and the judgment of the court below was therefore correct.”
It is clear that a fine imposed for the violation of laws for the punishment of crimes and misdemeanors is not such a debt as is within the scope of provisions of the constitution abolishing imprisonment for debt, and section 990 of the Revised Statutes is therefore not applicable to a criminal ease. The petitioner is remanded to the custody of the warden of the state prison.