## THE PEOPLE *v.* PUENTE.

## APPEAL from the District Court of Humacao.

No. 129.—Decided February 17, 1908.

FINE—SUBSIDIARY IMPRISONMENT.—Sections 54 and 322 of the Code of Criminal Procedure refer only to those cases in which a fine is imposed with or without costs, but not to those cases wherein the punishment is imprisonment and fine, because in such cases the accused cannot be imprisoned for failure to pay the fine.

STATUTORY CONSTRUCTION.—It is a rule of construction universally recognized that when the legislative assembly of any State has adopted a statute of another State, it is presumed to have adopted also the construction put upon it by the Supreme Court of the State enacting the original statute.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The respondent in this case, José Puente Durán, having been convicted in the Municipal Court of Fajardo, of the offense of disturbing the peace, and sentenced to suffer 90

days of imprisonment and a fine of $200, and in default of payment of the fine to suffer 90 days of imprisonment additional, and having served out the first 90 days herein mentioned, applied to the District Court of Humacao for a writ of *habeas corpus,* and his liberation on the ground that his further imprisonment was illegal. The writ was issued and the prisoner brought before the Hon. Charles E. Foote, the District Judge of the Humacao District, who after examining the law and ascertaining the facts rendered the following judgment:

"*Decisión.*—The parties made their appearance in this case, The People being represented by the fiscal of the district and the accused by his attorney and in person.

"It appears from the return made by the jailer of Humacao that José Puente Durán is imprisoned and under the custody of Casimiro Marquez, warden of the Humacao jail, and is there serving the time of 90 days of inprisonment, being also comdemned to pay the sum of $200 as fine or 90 days more of imprisonment for the fine imposed, said sentence being rendered by the Municipal Court of Fajardo, for disturbing the peace.

"It also appeared from the report that the accused has already served 90 days of imprisonment.

"The petioner contends that he being sentenced to serve a term of imprisonment and also to pay a fine, his imprisonment to satisfy the fine is illegal; and the court thinks that the petition is well founded in this respect.

"Article 322 of the Code of Criminal Procedure, which is the only one authorizing the imprisonment in default of payment of the fine (article 54 of the same code not being applicable to this case), says:

" 'A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied. But the judgment must specify the extent of imprisonment which must not exceed one day for every dollar of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he was convicted.'

"This article relates to the case where a judgment is rendered against the accused condemning him to the payment of a fine, but it cannot be applied to this case in which the punishment is of imprisonment and fine or imprisonment.

"Construing artcle 1205 of the Penal Code of California, which exactly coincides with the article referred to of our Code, in the case of *People* v. *Brown,* 113 Cal., 35, the Supreme Court of California uses the following language:

"'Said judgment was rendered to the effect that the accused should be punished by imprisonment in the jail of the county of Fresno, State of California, for a term of one year, and to pay a fine of $750, and in defect thereof to be imprisoned in said jail until such fine should be paid, at the rate of one day for each $2 of the fine imposed.'

"The part of the judgment which prescribed that in defect of payment of the fine the accused should be imprisoned until the fine should be paid at the rate of one day for each $2 of the fine imposed is null. This court has repeatedly held that when a judgment for imprisonment has been rendered and also a judgment for the payment of a fine, the accused cannot be imprisoned in order to satisfy the fine.

"This same doctrine has been repeated in the cases of Rosenheim Ex parte, 83 Cal., 388. (*People* v. *Hamberg,* 84 Cal., 475; *Lowrey* v. *Hogue,* 85 Cal., 602.

"The jurisprudence is therefore very clear as established in repeated and analogous cases in order to determine that any imprisonment suffered by an accused for any fine which has been imposed upon him when he has also been condemned to be imprisoned, is illegal.

"In this case the court is of opinion that the imprisonment of the accused for the payment of the fine to which he was condemned, is illegal.

"It appearing, therefore, that the petitioner, José Puente Durán, has already served the term of imprisonment to which he was sentenced, the court thinks that said José Puente Durán is illegally detained under the custody of Casimiro Márquez, warden of the Humacao jail, and therefore orders that he be immediately released."

From this judgment, liberating the prisoner, the district attorney took an appeal, and has brought the case here for reversal of the same.

On careful consideration of this opinion and judgment of the court below we are convinced that it is correct.

Sections 54 and 322 of the Code of Criminal Procedure have reference only to cases wherein the punishment imposed

is a fine with or without costs, and not to cases in which the defendant is sentenced to imprisonment or to imprisonment with a fine added.  In such cases no provision is made for the accused to work out the fine in jail, and it must be collected by civil process, if at all; such clearly appears to be the intention of the legislature from the wording of all the sections of the statutes when compared with each other.  We must take the statutes as we find them and construe them as written.

Let us briefly review some of the California decisions on the proper interpretation of the corresponding section of the Penal Code of that State.

The latest opinion examined, being the *People* v. *Brown,* 113 Cal., 36, contains the language quoted in the decision of the district judge, which it is unnecessary to repeat.

The whole argument is fully set forth in an able opinion rendered by Mr. Justice Paterson, in March, 1890, and from which Chief Justice Beatty dissented.  We extract therefrom the following paragraphs:

"There is nothing in the letter of this statute, we think, which indicates an intention to make it applicable to cases in which the court itself fixes a term of imprisonment absolute, and then imposes a fine.  Section 1214 of the Penal Code provides that 'if the judgment is for a fine alone, execution may be issued thereon as on a judgment in a civil action.'  Section 1215 provides that if the judgment is for imprisonment, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with, and if the judgment is for 'fine and imprisonment until it (the fine) be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with.'  The provisions of the sections are in the disjunctive, 'if the judgment is for imprisonment, or a fine and imprisonment until it is paid,' etc.

"Here cases of fine, cases of imprisonment, and cases of fine and imprisonment until the fine is paid are provided for; but the code nowhere expressly provides for imprisonment and fine coupled with imprisonment until the fine be paid, after the expiration of the fixed term of imprisonment.  The provisions of sections 1214 and 1215,

*supra,* were not considered by the court in *People* v. *Righetti,* but they strengthen the theory that the legislature did not intend section 1205 to apply to judgments for both imprisonment and fine. If those who framed and adopted section 1205 had intended it to apply to judgments that the defendant be imprisoned for a certain term fixed by the court and pay a fine, it would have been easy to have so declared. In other sections in the same title the distinction between judgments of fine alone and imprisonment until it be paid and judgments for both fine and imprisonment is carefully preserved. 'A judgment that the defendant pay a fine may also direct,' etc., says section 1295. The judgment before us is not, correctly speaking and fully expressing it, a judgment that the defendant pay a fine; it is a judgment that he be imprisoned and that he pay a fine. Within the letter of the statute, therefore, there is no authority for its application to cases of this kind, and it is only by judicial grafting upon legislation that the section can be made to support the additional penalty imposed by this judgment." (*Rosenheim Ex parte,* 83 Cal., 390-391.)

In Green Ex parte, 94 Cal., 387, the Supreme Court of California, in construing a city ordinance, seems to have deviated from the general rule established in Rosenheim Ex parte, 83 Cal., 390, and other cases. The decision was made by a divided court, four to two, and the dissenting opinions are very clear and seem to me to have the better foundation, in sound logic.

The cases of *Lowrey* v. *Hogue,* 85 Cal., 602, follows the Rosenheim case and says:

"That portion of the judgment providing for a collection of the $200 fine by imprisonment in case the money be not paid is void."

Mr. Justice Foote, in a well-considered opinion, on behalf of the same court, says:

"But there is one part of the judgment appealed from which is manifestly void, and that is the portion ordering the retention of the defendant in custody until he pay the fine of $9,000. The court had no legal right to impose that part of the sentence, and to that extent the judgment must be modified." (*People* v. *Hamburg,* 84 Cal., 475.)

There is a previous case in California very similar to this which we now have before us, in regard to credits for good conduct. We make an extract from the opinion of the court as follows:

"So much of the judgment against the prisoner as provides for his imprisonment in the State's prison for the collection of the fine imposed is void. (Ex parte Arras, 78 Cal., 304.) Therefore we must treat the sentence as one of imprisonment for five.years, so treating it, the statute provides, in express terms, that certain credits or deductions from the term of imprisonment imposed shall be allowed for good conduct. (Supplement to Deering's Codes, p. 490, sec. 20.) This statute does not require any action on the part of the governor, nor is any such action necessary. The statute, by its terms, entitled the petitioner to his discharge, the same as if his term of imprisonment had expired without such commutation as he is allowed by its provisions. The statute is not unconstitutional as an infringment of the power of the executive to pardon. It does not take away or interfere with such power in any way. The statute simply fixes the term of imprisonment in certain cases and upon certain conditions. This provision enters into and becomes a part of the judgment of the court below.

"When a defendant is sentenced to imprisonment for five years, this means five years subject to the deductions allowed from such time by law." (*Wadleigh Ex parte,* 82 Cal., 520.)

In this same case two of the justices concur in a very strong opinion in which this paragraph occurs:

"I am aware that this court formerly, on one or two occasions, expressed views different from those above stated, and I am as loath as any one to depart from a settled rule; but I think that the question here discussed can hardly be considered as definitely settled. It seems to me that in recent years of practise of imprisonment for fines has resulted, in some instances, in great oppression, and in imposing on defendants convicted of only trivial offenses extreme and cruel terms of imprisonment against both the letter and spirit of the law. I think, therefore, that on a proper occasion the question here presented should, at least, be opened and reconsidered." (*Wadleigh Ex parte,* 82 Cal., 523.)

The fact that the Supreme Court of California has so construed a statute couched in exactly the same words, and that our statute was copied from the California Code since that interpretation was put upon the code by the Supreme Court of the State, shows us clearly that it was the intention of our Legislature in adopting that section of the California Penal Code, to make a similar provision in our law.

It is moreover a rule of interpretation universally received that when the legislative assembly of any State has adopted substantially the Code of another State, and especially any section thereof in the exact words used therein, the adoption is presumed to have covered also the interpretation put by the Supreme Court of the State enacting the original statute on the said Code or any section thereof. This is the rule of construction which prevails generally if not universally in the United States, as is shown by the following authorities, to wit: *Henrietta & Co.* v. *Gardner,* 173 U. S., 130; *Brown* v. *Walker,* 161 U. S., 600; *McDonald* v. *Hovey,* 110 U. S., 628; *Cathcart* v. *Robinson,* 30 U. S., 279; *Pennock* v. *Dialogue,* 27 U. S., 16; *Int. Com. Com.* v. *B. & O. R. R. Co.,* 145 U. S., 263; *Lindley* v. *Davis,* 6 Mont., 453; *Hershfield* v. *Aiken,* 3 Mont., 449; *Greiner* v. *Kline,* 28 Mich., 12; *Nocollet National Bank* v. *City Bank,* 8 Am. St. Rep., 643; *Nelson* v. *Stull,* 68 Pac. Rep., 618; *Sedgwick on Cons. Stat. and Cons. Law,* 363; *Smith's Com. on Stat. and Cons. Law,* sec. 634.

In the case of Francisco Rivera, *alias* Panchito, decided by this court on the 25th day of June, 1904, this proposition is applied and maintained, in the opinion of the court therein, rendered, in the following words:

"It is a well-settled principle, both in the American and the Spanish law, that, when a statute is adopted by one State from another, the construction put upon it by the courts of the latter, is entitled to great weight in the interpretation to be given it by the courts of the former; it being presumed that the legislature had such construction in view in the passage of the act, when adopting the language of the statute. But the same construction as that given by California and

Montana to the statute quoted had been given to similar statutes in other States, Texas among the rest.''

In the case of James E. Kent, decided by this court on the 5th of March, 1906, in the opinion the ponente makes use of the following language:

''We feel constrained to hold this verdict sufficient in view of the construction put upon the sections of the Code, to which reference has been made, by the Supreme Court of California; although the reasoning is not altogether clear or satisfactory to our minds. It has become an established canon of construction in the Supreme Court of the United States that where a statute is adopted from the Code of another State, it is presumed to have been taken with its meaning as judicially determined in the State from which it was adopted.''

The same principle has also been announced by us in a civil case, in the opinion rendered in the case of *Eurípides López* v. *The American Railroad Co. of Porto Rico,* decided by this court on the 28th of June, 1906.

We have adopted and followed this rule also in several other cases which will be found on perusal of the decisions of this court.

Many other judicial decisions, from courts on the continent, supporting this rule, might be cited, but it is unnecessary.

This rule of interpretation only applies to such cases as have been decided by the courts of last resort, in the State enacting the original statute, prior to the date at which the statute was adopted by the legislature of the State or Territory copying the statute; and this limitation is clearly for the reason that the legislature cannot be presumed to have had in mind any construction of a statute which had not been made. (*Stutsman County* v. *Wallace,* 142 U. S., 293-312.)

Applying this rule of interpretation, with its limitations, to the case at bar, we must follow the California cases, as was done by the district court, and affirm the liberation of the

prisoner, leaving the Insular Government to some other means of collecting the fine imposed.

And indeed were this not the rule of interpretation and the matter were presented to us for the first time, the same line of reasoning as that adopted in the California courts would commend itself to our good judgment and we would doubtless arrive at the same result.

As presented here the case at bar affords a novel proposition for our consideration. At least the exact question involved in this case has never before been directly called to our attention, though we have discussed the provisions of sections 54 and 322 of the Code of Criminal Procedure in several cases, some of them ordinary criminal appeals and others of *habeas corpus,* either on original applications or on appeal from other courts. Reference may be made for such discussions to the following cases: *Guadalupe Andino, Ex parte,* decided on the 20th May, 1905; *Benito Delgado, Ex parte,* decided on the 25th April, 1907; *People P. R.* v. *Gabriel Díaz,* decided on 6th May, 1907; *People P. R.* v. *José Maíz,* decided on 2d June, 1907; *People P. R.* v. *Manuel M. Paz,* decided on 29th June, 1907; *People P. R.* v. *Rafael Laviosa,* decided on 30th October, 1907.

In none of the foregoing cases was there a punishment imposed of an imprisonment and besides a fine with alternative imprisonment additional to the first punishment.

There was a case however presented to this court and decided on the 21st of October, 1903, involving a similar judgment. The prisoner, José Avila y Alicea, applied to the Chief Justice, in chambers, for liberation on *habeas corpus,* and was, on the 4th of August, 1903, remanded to prison because he had not, at that time, served out the term of imprisonment which was imposed regardless of the fine, without prejudice to another application at a later day.

Another application was made, on the 19th of October, 1903, and on the 21st of the same month the prisoner was re-

manded to the custody of the jailer to serve out his time still running on account of the subsidiary imprisonment adjudged against him for nonpayment of the fine. He was finally released by order of this court on the 11th of January, 1904. This case of Avila was decided without a written opinion and it cannot be regarded as a well-considered decision. The difference in the terms of the law between cases where a double punishment was imposed, of both fine and imprisonment, and where a fine only was adjudged with the subsidiary imprisonment in case of nonpayment, was not brought to the attention of this court nor were the words of the section 1205 of the California Code, from which section No. 322 of our own Code was copied, and the decisions of the Supreme Court of California, interpreting the same, presented for our consideration. Had they been so presented and considered it is probable that we should not have fallen into the erroneous interpretation given in that case to the law. At any rate we cannot follow the Avila case above mentioned, and it is accordingly overruled.

Then in accordance with what we believe to be a proper construction of section 322 of our Code of Criminal Procedure, and the corresponding section 1205 of the Penal Code of California, we must hold that the prisoner cannot be required to serve out the subsidiary imprisonment for the nonpayment of the fine, after he has served out the term of imprisonment imposed upon him independently of the fine imposed by the same judgment of the Municipal Court of Fajardo on the 2d of October last, but is entitled to his liberty.

The following numerous cases, decided by the Supreme Court of California, may be cited in support of the construction given to these sections of the criminal statutes: *Henshaw Ex parte*, 73 Cal., 486; *Ellis Ex parte*, 54 Cal., 204; *Chin Yan Ex parte*, 60 Cal., 78; *Harrison Ex parte*, 63 Cal., 299; *Mitchell Ex parte*, 70 Cal., 1; *Arras Ex parte*, 78 Cal., 304; *Fil Ki et al.*, 80 Cal., 201; *Neustadt Ex parte*, 82 Cal., 273;

*Wadleigh Ex parte,* 82 Cal., 518; *Rosenheim Ex parte,* 83 Cal., 388; *People* v. *Hamberg,* 84 Cal., 475; *Casey Ex parte,* 85 Cal., 36; *Lowrey* v. *Hogue,* 85 Cal., 600; *Erdman Ex parte,* 88 Cal., 579; *Abbott Ex parte,* 94 Cal., 333; *Green Ex parte,* 94 Cal., 387; *Mulholland Ex parte,* 97 Cal., 527; *People* v. *Brown,* 113 Cal., 35.

The last of these 18 cases was decided in the month of May in the year 1896; of course long before the passage of our Code of Criminal Procedure.

The resolution of the District Court of the Humacao District releasing the prisoner must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.