408 So.2d 1197 (1982)
Wesley Howard HORTON
v.
STATE of Mississippi.
No. 52998.
Supreme Court of Mississippi.
January 27, 1982.
R. Charles Robb, Vicksburg, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, WALKER and HAWKINS, JJ.
SUGG, Presiding Justice, for the Court:
Appellant, was indicted by a grand jury in Monroe County on two counts. Count one charged appellant with possession of more than one ounce but less than one kilogram of marihuana and count two with possession of phencyclidine. Appellant was convicted on both counts and sentenced to five years imprisonment on each count to be served concurrently. We affirm the conviction *1198 on both counts but reverse and remand for imposition of a proper sentence.
On December 6, 1979, Robert Sanderson and Sammy Neal, policemen for the City of Amory, were working the 9:30 p.m. to 4:30 a.m. shift. At approximately 3:20 a.m. Sanderson observed an automobile with no license plate leaving a convenience store. He advised Neal that he was going to stop the automobile and requested assistance. After stopping the automobile Sanderson asked the appellant, who was the driver, for his driver's license and the registration papers on the automobile. As a part of the investigatory stop Sanderson checked the ownership of the vehicle by radio. After satisfying himself that the driver's license and the registration of the vehicle were in order, Sanderson was about to instruct the driver to proceed but directed his flashlight into the backseat of the automobile a second time because he had observed the occupants of the car moving about inside the car while he was running the radio check. When Sanderson looked on the backseat of the car for a second time, he observed three bottles of beer lying on the seat which were not there when he looked into the backseat of the automobile immediately after the stop. Sanderson then advised the appellant that possession of beer was illegal in Amory, asked the driver to step outside the automobile, and placed him under arrest for the possession of beer. He then noticed that appellant was wearing a belt with the design of a marihuana leaf on the buckle with a small pipe attached to the back of the buckle. He retrieved the pipe and detected the odor of burned marihuana in the pipe. He then requested the passenger of the automobile to produce some identification. The passenger was wearing a T-shirt and stated he would have to get his license out of another shirt which was lying on the backseat. When the passenger picked up the shirt from the backseat, a syringe fell out of one of the pockets and the passenger made an attempt to hide the syringe. Sanderson then requested Officer Neal, who had arrived, to arrest the passenger for the possession of paraphernalia. After placing both appellant and the passenger in separate patrol cars, a search was conducted of the passenger compartment of the automobile.
When Sanderson opened the console located between the driver and the passenger seats, he found two bags of a green substance which he believed to be marihuana and a white powdery substance wrapped in aluminum foil which he believed to be cocaine, but upon analysis was found to contain phencyclidine. Appellant contends that the warrantless search of his automobile was invalid and the evidence seized during the search should be suppressed.
Appellant had been lawfully arrested, so the question is whether the search of the passenger compartment without first securing a search warrant violated appellant's Fourth Amendment rights. This question was answered in New York v. Belton, ___ U.S. ___, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). The Belton court noted that a single familiar standard is essential to guide police officers in the circumstances they are confronted with and that no straightforward rule had emerged from the litigated cases involving the proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants.
The Court then established a simple rule which police officers may apply.
In order to establish the workable rule this category of cases requires, we read Chimel's definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. United States v. Robinson, supra; Draper v. United States, 358 U.S. *1199 307, 3 L.Ed.2d 327, 79 S.Ct. 329. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have. (___ U.S. ___, 101 S.Ct. 2864, 69 L.Ed.2d at 775)
The United States Supreme Court is to be commended for establishing a "bright line" rule so that police officers may know with certainty the scope of their authority to search a vehicle following a custodial arrest.[1] We therefore hold that the search of the passenger compartment of appellant's automobile was valid and the evidence seized in the search was admissible.
Appellant also argues that the sentence for possession of marihuana was excessive because the proof showed that less than one ounce of marihuana was seized. Count one of the indictment charged defendant with possession of marihuana "weighing 29.8 grams, being in excess of one ounce." Page 1-39 of the National Bureau of Standards Handbook 44, specifies the weight of an avoirdupois ounce as 28.XXXXXXXXX grams and the weight of a troy or apothecaries ounce as 31.1034768 grams. The marihuana possessed by defendant was more than an avoirdupois ounce but less than a troy or apothecaries ounce.
Section 41-29-139(c)(2)(A) Mississippi Code Annotated (1972) provides in part:
One (1) ounce or less of marihuana upon conviction is guilty of an offense punishable by a fine of not less than One Hundred Dollars ($100.00) nor more than Two Hundred Fifty Dollars ($250.00).
An ounce is not defined by the statute, but section 75-27-5 Mississippi Code Annotated (1972) provides:
The system of weights and measures in customary use in the United States and the metric system of weights and measures are jointly recognized, and one or the other of these systems shall be used for all commercial purposes in the State of Mississippi. The definitions of basic units of weights and measures, the tables of weight and measure, and weights and measures equivalents, as published by the National Bureau of Standards, are recognized and shall govern weighing and measuring equipment and transactions in the state.
We are of the opinion that under the statute, the tables of weight and measure as published by the National Bureau of Standards govern. The National Bureau of Standards Handbook provides:
The grain is 1/7000 of the avoirdupois pound and is identical in the avoirdupois, troy, and apothecaries systems. The troy ounce and the apothecaries ounce differ from the avoirdupois ounce but are equal to each other, and equal to 480 grains. The avoirdupois ounce is equal to 437 1/2 grains. (1-24)
... .
When necessary ... to distinguish the avoirdupois ounce or pound from the troy or apothecaries ounce or pound, the word "avoirdupois" or the abbreviation "avdp" should be used in combination with the name or abbreviation of the avoirdupois unit. (1-32)
We feel certain that the legislature was familiar with the standards published by the National Bureau of Standards, and if it had intended for the avoirdupois ounce to be used it would have distinguished the avoirdupois ounce from the troy or apothecaries ounce.
A troy or apothecaries ounce weighs 31.1034768 grams, so the 29.8 grams of marihuana possessed by appellant was less than one troy or apothecaries ounce. We therefore vacate the sentence of five years imprisonment imposed by the court under Count 1, remand, and direct the trial court to sentence appellant for possession of less than one ounce of marihuana, such sentence not to exceed that permitted by section 41-29-139(c)(2)(A).
*1200 We also note plain error under Supreme Court Rule 6(b) of the excessive sentence under count 2 for the possession of phencyclidine. Section 41-29-139(c)(1) Mississippi Code Annotated (Supp. 1978) provides:
(c) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.
Any person who violates this subsection with respect to:
(1) A controlled substance classified in Schedule I or II, as set out in sections 41-29-115, except marihuana is guilty of a felony and upon conviction may be imprisoned for not more than three (3) years, or fined not more than thirty thousand dollars ($30,000.00) or both;
Phencyclidine is a Schedule I drug and the sentence of five years imprisonment was excessive under the above statute. We therefore vacate the sentence and remand for a proper sentence.
We have carefully noted the other assignments of error but find they do not merit discussion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROPER SENTENCE.
PATTERSON, C.J., SMITH, P.J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
NOTES
[1] See Robbins v. California, ___ U.S. ___, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) for search of unopened packages in the luggage compartments of automobiles.