[Crim. No. 4835. Fifth Dist. May 26, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO JUAREZ GUTIERREZ, Defendant and Appellant.

COUNSEL

J. Ethan Faust, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**FRANSON, Acting P. J.**—Appellant stands convicted, after a jury trial, of two counts of selling heroin in violation of Health and Safety Code section 11352. On count two, appellant was also found to have sold more than one-half ounce of a substance containing heroin in violation of Penal Code section 1203.07, subdivision (a)(2); this section precludes the court from considering probation. Appellant was sentenced to state prison for five years.

The major issue before us is whether Penal Code section 1203.07, subdivision (a)(2), is uncertain in its meaning because it fails to specify whether an "ounce" of the substance containing heroin should be measured by the avoirdupois or apothecaries' (troy) weight standard. For the reasons to be explained, we conclude the statute is uncertain and should be construed in appellant's favor. Since appellant sold less than one-half apothecaries' ounce of a substance containing heroin, he is eligible for probation.

Penal Code section 1203.07 provides in pertinent part: "(a) Notwithstanding the provisions of Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons:

". . . . . . . . . . . . . . .

"(2) Any person who is convicted of violating Section 11352 of the Health and Safety Code by selling or offering to sell *one-half ounce or more* of a substance containing heroin." (Italics added.)

Appellant was found to have "sold or furnished" 14.3 grams of a substance containing heroin. The National Bureau of Standards Handbook

44, at page 1-39, specifies the weight of an avoirdupois ounce at 28.349523125 grams and the weight of an apothecaries' (troy) ounce as 31.1034768 grams.[1] Because one-half of an avoirdupois ounce is approximately 14.174 grams and one-half of an apothecaries' ounce is approximately 15.55 grams, the quantity of heroin (14.3 grams) appellant was convicted of selling falls right between the two standards.[2]

 That criminal statutes must be construed in favor of the defendant was first explained by our Supreme Court in 1890 in *Ex parte Rosenheim* (1890) 83 Cal. 388, 391 [23 P. 372]: "While it is true, the rule of the common law that penal statutes are to be strictly construed has been abrogated by the code, which provides that 'all its provisions are to be construed according to the fair import of their terms, with a view to effect its object and promote justice,' it is also true that the defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute, . . ." (See also *People v. Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186]; *People v. Superior Court (Douglass)* (1979) 24 Cal.3d 428, 435 [155 Cal.Rptr. 704, 595 P.2d 139]; *Bowland v. Municipal Court* (1976) 18 Cal.3d 479, 487-488 [134 Cal.Rptr. 630, 556 P.2d 1081]; *Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; *United States v. Bass* (1971) 404 U.S. 336, 347 [30 L.Ed.2d 488, 496, 92 S.Ct. 515, 522]; Pen. Code, § 4.)

Since this rule of construction requires that the appellant be "entitled to the benefit of every reasonable doubt," it appears to be rooted in the due process clause of the federal Constitution (cf. *People v. Vann* (1974) 12 Cal.3d 220, 227-228 [115 Cal.Rptr. 352, 524 P.2d 824]; *In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068]).

██ Although Penal Code section 1203.07, subdivision (a)(2) is a sentencing statute and does not define a crime, we believe the same

---

[1] The definitions of basic units of weight and measure and the tables of weight and measure and equivalents as published by the National Bureau of Standards "shall govern weighing and measuring equipment and transactions in this state." (Bus. & Prof. Code, § 12313.)

[2] The foundation of the avoirdupois system is the grain. There are 252.458 grains in one cubic inch of water. There are 27.3 grains in one dram, 437.5 grains (or 16 drams) equals one ounce; 7,000 grains (16 ounces) equals one pound. The avoirdupois ounce contains 437½ grains whereas the troy and apothecaries ounces each contain 480 grains (23 Encyclopedia Britannica (1972 ed.) Weights and Measures, p. 372).

principles of statutory construction apply. Appellant has a fundamental right to his liberty, i.e., the right to be considered eligible for probation rather than being subject to mandatory state imprisonment. Accordingly, he is entitled to the same degree of certainty in the sentencing statute as in a statute defining the crime. As stated by Justice Frankfurter: "It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved ... [against the government]." (*Bell* v. *United States* (1955) 349 U.S. 81, 83-84 [99 L.Ed. 905, 910, 75 S.Ct. 620, 622].)

The Supreme Court of Mississippi recently has treated a strikingly similar problem in *Horton* v. *State* (Miss. 1982) 408 So.2d 1197, 1197-1199. There, a defendant was charged by indictment with possession of more than one ounce of marijuana, specifically that he possessed marijuana "weighing 29.8 grams, being in excess of one ounce." Under Mississippi law, the possession of one ounce or less of marijuana upon conviction is punishable by a maximum fine of $250. Appellant was sentenced to five years imprisonment.

The Mississippi Supreme Court noted that an ounce was not defined by the statute in question, but section 75-27-5 Mississippi Code Annotated (1972) provided that the system of weights and measures in customary use in the United States and the metric system of weights and measures were to be jointly recognized, and one or the other of these systems shall be used for all commercial purposes in the State of Mississippi. The definitions of the basic units of weights and measures as published by the National Bureau of Standards were recognized as governing weighing and measuring equipment and transactions in the state. The court then expressed the opinion that under the statute, the tables of weight and measure as published by the National Bureau of Standards shall govern. The National Bureau of Standards Handbook defined the amount of grains required for both an avoirdupois and apothecaries' ounce. The handbook also provided that when it was necessary to distinguish between an avoirdupois or an apothecaries' ounce, the word avoirdupois and an abbreviation thereof should be used in

combination with the name or abbreviation of the avoirdupois unit. The Mississippi Supreme Court unanimously concluded that since the legislature was familiar with the standards published by the National Bureau of Standards, if it had intended for an avoirdupois ounce to be used, it would have distinguished the avoirdupois ounce from the apothecaries' ounce. Because the 29.8 grams of marijuana possessed by the defendant was less than one troy or apothecaries' ounce, the court vacated the sentence of five years imprisonment and directed the trial court to sentence the defendant for possession of less than one ounce of marijuana. (*Horton* v. *State, supra*, 408 So.2d at p. 1199.)

Respondent asks us to bring certainty into Penal Code section 1203.07 by declaring the avoirdupois ounce to be the standard intended by the Legislature since the avoirdupois standard of weights is the one commonly used in commercial transactions in the United States for all commodities other than precious metals, gems and medicines (2 Encyclopedia Britannica (1972 ed.) Avoirdupois Weights, p. 918). Thus, reasonable people would understand the word "ounce" to mean the avoirdupois standard of 28.3495 grams to an ounce unless the word is used in a technical or restricted sense or the statute expressly provides otherwise. While the argument superficially has appeal, it falls in the face of the other legislative provisions governing weight standards. First, just like Mississippi, the California Legislature has adopted for use in California the definitions of basic units of weight and measure as published by the National Bureau of Standards. (Bus. & Prof. Code, § 12313.) The Legislature has provided that contracts made within this state for anything to be sold or delivered by weight or measure "shall be construed according to the common standards, or according to the weights and measures of the metric system authorized by Congress, as the contract provides." (Bus. & Prof. Code, § 12300.)[3] Since the apothecaries' standard has been legislatively recognized in California, we fail to see how a reasonably informed person could say with any degree of certainty that the Legislature intended the avoirdupois standard in the application of Penal Code section 1203.07.

The uncertainty of the meaning of the word "ounce" in Penal Code section 1203.07 is further evidenced by the explicit use of the "avoirdupois ounce" in Health and Safety Code sections 11357 and 11360,

[3]Until 1979, Business and Professions Code section 12302 provided in part: "The standard weights and measures now in charge of the State Department of Agriculture and furnished to this State by the government of the United States, are the common standards of weights and measures throughout the State, and consist of: ... (c) One set of standard troy ounce weights, divided decimally from ten ounces to the one ten-thousandth of an ounce."

amended in 1975 to reduce the penalties for possession of marijuana. These two statutes are part of chapter 248 approved by the Governor on July 9, 1975. (Stats. 1975, ch. 248, §§ 2, 3, pp. 641-643.) Penal Code section 1203.07 was enacted in 1975 *after* the marijuana statutes were amended as part of chapter 1087 approved by the Governor on September 26, 1975 (Stats. 1975, ch. 1087, § 6, pp. 2647, 2651-2652). If the Legislature had intended the avoirdupois ounce in applying Penal Code section 1203.07, it would have said so, just as it did in Health and Safety Code sections 11357 and 11360.

"[B]ecause of the seriousness of criminal penalties, and because criminal punishment usually represents the moral condemnation of the community, *legislatures* and not courts should define criminal activity. This policy embodies 'the distinctive distastes against men languishing in prison unless the lawmaker has clearly said they should.' H. Friendly Mr. Justice Frankfurter and the Reading of Statutes, in Benchmarks 196, 209 (1967)." (Italics added, *United States* v. *Bass, supra*, 404 U.S. at p. 348 [30 L.Ed.2d at p. 497, 92 S.Ct. 515, 523]; see 17 Cal.Jur.3d, Criminal Law, § 21, p. 53.) Until the Legislature clarifies the meaning of the word "ounce" in Penal Code section 1203.07, we hold that it should be construed to mean an apothecaries' ounce of 31.1034768 grams. (See *Horton* v. *State, supra*, 408 So.2d 1197.)

Appellant's other contentions of reversible error have been carefully considered and are rejected.

The judgment of conviction on count two is reversed. The matter is remanded to the trial court for resentencing on the basis that appellant sold less than one-half ounce of a substance containing heroin under the apothecaries' standard; hence, he is entitled to be considered eligible for probation on count two.

The judgment of conviction on count one is affirmed.

Andreen, J., and Gomes, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.