[No. F007241. Fifth Dist. Jan. 4, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
HUMBERTO ZAZUETA BARRAZA, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I through V.

614

COUNSEL

Jeanne Keevan-Lynch, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, James T. McNally and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, P. J.—

THE CASE

Appellant stands convicted after jury trial of one count of selling heroin in violation of Health and Safety Code section 11352. He was also found to have sold or furnished more than one-half ounce of a substance containing heroin in violation of Penal Code section 1203.07, subdivision (a)(2). This section precludes the court from considering probation. Appellant was sentenced to prison for the midterm of four years.

We affirm appellant's conviction; however, for the reasons to be explained, we reject the trial court's finding that it was precluded from considering probation for appellant because he was found to have sold or furnished more than one-half ounce of heroin. We remand for resentencing.

THE FACTS

Alfred Pena contacted an undercover narcotics officer on November 4, 1985, to say he had four ounces of heroin to sell for $6,000 an ounce. Pena arranged to meet with Officer Alvarado at a McDonald's parking lot at 3 p.m. that day. Pena said he would be in a Mustang and would have two other people with him.

When Alvarado drove into the parking lot, he saw Pena waving at him. He also noticed a Mustang parked in one of the stalls. One man was seated behind the wheel and another, appellant Barraza, was standing outside the car looking under the hood.

Pena approached Alvarado and introduced himself. He said he had the four ounces but it belonged to the two men in the Mustang. Alvarado asked to talk with one of the men and see the heroin. Pena walked to the Mustang and spoke with the two men.

Pena and appellant returned to Alvarado's truck. Alvarado discussed the quality and quantity of the "chiva" (heroin) and the possibility of future buys. Appellant stated that the heroin was good, and he could supply Alvarado with 20 ounces or more. When Alvarado asked to see the "chiva," appellant handed him a towel wrapped around a taped package. Alvarado took the towel and package and tore a section of the tape to examine the contents. The package contained a black tarry substance which he believed to be heroin. Alvarado told appellant he would be back with the money and walked away. Alvarado gave a prearranged signal, and the three men were arrested.

The parties stipulated that the package contained 100 grams of a substance containing heroin. The court took judicial notice of the fact that there are 28.4 grams per ounce.

DISCUSSION

I.-V.*

. . . . . . . . . . . . . . . . . . . . . .

VI.

*The trial court erred in finding appellant ineligible for probation.*

Penal Code section 1203.07 provides in pertinent part: "(a) Notwithstanding Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any of the following persons:

". . . . . . . . . . . . . . . . . . . .

"(2) Any person who is convicted of violating Section 11352 of the Health and Safety Code by *selling or offering to sell* 14.25 grams or more of a substance containing heroin." (Italics added.)

The court found itself without power to grant probation under Penal Code section 1203.07, subdivision (a)(2), in light of the verdict's special finding that appellant sold more than one-half ounce of a substance contain-

---

* See footnote, *ante,* page 613.

ing heroin. The verdict actually states that defendant sold *or furnished* more than one-half ounce of a substance containing heroin. ■■ Appellant contends the verdict does not invoke the provisions of section 1203.07, subdivision (a)(2), because under the ambiguous language, the jury could have found defendant guilty of furnishing rather than selling.

The issue for this court is whether the disjunctive verdict supports the trial court's denial of probation under Penal Code section 1203.07, subdivision (a)(2). We conclude it does not.

■■ Criminal statutes must be construed in favor of the defendant. " '. . . [T]he rule of the common law that penal statutes are to be strictly construed has been abrogated by the code, which provides that "all its provisions are to be construed according to the fair import of their terms, with a view to effect its object and promote justice," it is also true that the defendant is entitled to the benefit of every reasonable doubt, whether it arises out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute, . . .' " (*People* v. *Gutierrez* (1982) 132 Cal.App.3d 281, 284 [183 Cal.Rptr. 31].)

Penal Code section 1203.07 is a sentencing statute, but the same principles of statutory construction apply. Appellant has a fundamental right to his liberty, i.e., the right to be considered eligible for probation rather than being subject to mandatory state imprisonment. Accordingly, he is entitled to the same degree of certainty in the sentencing statute as in a statute defining the crime. (*People* v. *Gutierrez, supra,* 132 Cal.App.3d at pp. 284-285.)

■■ Under a literal reading of the statute, only two of the fourteen acts constituting a violation of Health and Safety Code section 11352—selling and offering to sell—result in a bar of probation under Penal Code section 1203.07, subdivision (a)(2). The Attorney General points out Penal Code section 1203.07 is an attempt to punish a defendant and to protect society by removing the heroin dealer from the street. (*People* v. *Madden* (1979) 98 Cal.App.3d 249, 260 [159 Cal.Rptr. 381].) Thus, he argues, it is illogical to exclude appellant from its provisions on the mere fact he had not yet received his expected payment. However, the issue is not whether appellant did a bad thing and should be punished, the question is whether appellant did an act proscribed by section 1203.07, subdivision (a)(2).

The verdict form in this case disclosed two possible findings; one supported a ban on probation, the other did not. ■■ A verdict must be read in light of the facts disclosed by the record. The court should construe it to give it the effect intended by the jury, if that effect can be ascertained from

its language in connection with the pleading and the evidence. (*People* v. *Tognola* (1927) 83 Cal.App. 34, 38 [256 P. 455].)

■ In this case, no money changed hands so no sale occurred. (See 2 Witkin, Cal. Crimes (1963) § 697, p. 637; *People* v. *Hutcherson* (1961) 197 Cal.App.2d 771, 779 [17 Cal.Rptr. 636]; *People* v. *Richards, supra,* (1961) 198 Cal.App.2d 465, 470-471 [117 Cal.Rptr. 845]; *People* v. *Sheldon, supra,* (1967) 254 Cal.App.2d 174, 180 [61 Cal.Rptr. 778].) The evidence supports a finding that appellant offered to sell the heroin, but the jurors were not given the opportunity to make that finding nor was appellant charged with offering to sell. The evidence also supports a finding that appellant furnished more than one-half ounce of a substance containing heroin. But Penal Code section 1203.07 does not apply to a person convicted of violation of Health and Safety Code section 11352 by furnishing heroin. Accordingly, appellant was not statutorily ineligible for probation under section 1203.07, subdivision (a)(2).

The judgment of conviction is affirmed; the case is remanded for consideration of probation and resentencing.

Martin, J., and Best, J., concurred.

A petition for a rehearing was denied January 21, 1988.