[No. 20925. In Bank. — April 30, 1892.]

## Ex parte M. GREEN, on Habeas Corpus.

Municipal Corporations — Violation of Ordinance — Fine may be Enforced by Imprisonment. — A municipal corporation of the fifth class has power, under the Municipal Government Act of March 13, 1883, to enforce by imprisonment the payment of a fine imposed for the violation of its municipal ordinance. Such method of enforcing the fine is not in conflict with any general law.

Id. — Requisites of Ordinance. — A municipal ordinance passed in virtue of the implied power of the municipality must be reasonable, consonant with the general powers and purposes of the corporation, and not inconsistent with the laws or policy of the state.

Id. — Reasonableness of Ordinance. — A municipal ordinance which pro-
vides that a violation thereof shall be punished by imprisonment for ten
days and by a fine of $150 dollars, and that the judgment of fine shall
direct that in default of payment of such fine, or any part thereof, the
defendant shall be imprisoned until the fine be satisfied in the propor-
tion of one day's imprisonment for every two dollars of such fine
remaining unpaid, is not unreasonable.

Application for a writ of *habeas corpus.* The facts are
stated in the opinion of the court.

*Westerman & Broughton,* for Petitioner.

*C. E. Sumner, contra.*

Sharpstein, J. — The return of the city marshal of
the city of Pomona shows that he holds the petitioner in
custody in the city jail of said city under and by virtue
of a commitment issued out of the recorder's court of
said city, which recites that petitioner was convicted
in said court of the crime of misdemeanor committed
in said city, and upon such conviction said court ordered
and adjudged that for said offense petitioner be impris-
oned in the city jail of said city of Pomona for a period
of ten days and fined $150, and that in default of the
payment of said fine he be imprisoned in said city jail
in the proportion of one day's imprisonment for each
and every two dollars of said fine until the said fine be
wholly satisfied, not exceeding seventy-five days, and
that he be discharged on payment of such proportion of
said fine as shall not have been satisfied by imprison-
ment at the rate prescribed. Then follows the command
to said marshal to take and imprison petitioner in said
jail ten days, and also in the proportion of one day's
imprisonment for each and every two dollars of the fine
not otherwise satisfied, not exceeding seventy-five days,
and to discharge petitioner upon payment into court of
such remaining portion of said fine as shall not have
been satisfied by imprisonment at the rate above pre-
scribed.

The misdemeanor of which petitioner was convicted
consisted of a violation of section 1 of ordinance 89 of

said city, which provides, among other things, that " every person convicted of violating this section of this ordinance shall be punished by imprisonment in the city jail of the city of Pomona for ten days and by fine of $150 (and the judgment of fine shall direct that in default of payment of such fine, or any part thereof, defendant shall be imprisoned in the jail of the city of Pomona until the fine be satisfied in the proportion of one day's imprisonment for every two dollars of such fine remaining unpaid)."

If that provision of the ordinance be valid, the judgment, commitment, and imprisonment of petitioner are legal beyond any question. And the contention of petitioner's counsel is, that the ordinance, so far as it imposes any imprisonment for a failure to pay a fine, is invalid.

All the powers of a corporation are derived from the law and its charter, and it cannot enlarge, diminish, or vary its powers by ordinance or by-law. The city of Pomona derives its powers from an act to provide for the organization, incorporation, and government of municipal corporations, approved March 13, 1883, under which that city is incorporated as a city of the fifth class. Power is conferred by that act upon the board of trustees of said city " to pass ordinances, not in conflict with the constitution and laws of the state or of the United States; to impose fines, and penalties, and forfeitures for any and all violations of ordinances; and for any breach or violation of any ordinance, to fix the penalty by fine or imprisonment, or both; but no such fine shall exceed three hundred dollars, nor the term of such imprisonment exceed three months; to do and perform any and all other acts and things necessary and proper to carry out the provisions of this chapter, and to exact and impose within the limits of such city all other local, police, sanitary, and other regulations as do not conflict with general laws."

The power to impose fines is clearly conferred, but no mode is provided for their collection. We think in such

a case it is clearly within the power of a municipal corporation to adopt any reasonable mode for the enforcement of the payment of any fine that it is authorized to impose. We think this power is clearly implied in the power to impose a fine. The payment of fines has always been enforced by imprisonment. Section 1215 of the Penal Code provides that " if the judgment is for imprisonment, or a fine, and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with."

The provision of the ordinance for the enforcement of the payment of a fine by imprisonment is not in conflict with any general law.

In this country, courts have often affirmed the general incidental power of municipal corporations to make ordinances, but have always declared that ordinances passed in virtue of the implied power must be reasonable, consonant with the general powers and purposes of the corporation, and not inconsistent with the laws or policy of the state. (1 Dillon on Municipal Corporations, 253.)

In addition to the powers enumerated in the incorporating act, the trustees of the city of Pomona are authorized " to do and perform any and all other acts and things necessary and proper to carry out the provisions of this chapter (the chapter relating to municipal corporations of the fifth class), and to exact and enforce within the limits of such city all other local, police, sanitary, and other regulations as do not conflict with general laws."

We can conceive of nothing more necessary and proper for carrying out the provision empowering the board of trustees to impose fines for violations of ordinances, than a mode of enforcing the payment of them. Without the power of enforcing the payment of such fines, the imposition of them would be nugatory. The constitution of this state provides that " any county, city, town, or township may make and enforce, within its limits, all such

local, police, sanitary, and other regulations as are not in conflict with general laws." (Const., art. XI., sec. 11.) It is not claimed that the ordinance which petitioner was convicted of having violated conflicts in any manner with any general law; therefore the power to enforce it is expressly conferred by the constitution, subject, of course, to the rule that the mode of enforcing it be a reasonable one. The whole term of imprisonment fixed by the ordinance is less than three months, and the circumstance that the greater part of the term fixed by the ordinance is conditional is not unfavorable to those who are imprisoned. The option given might, under the incorporating act, have been withheld, and the petitioner have been imprisoned for a longer period than he can be under the ordinance. And yet the petitioner's main objection to the ordinance is, that it does not provide for an imprisonment of three months, instead of eighty-five days, with the option of paying a fine and avoiding seventy-five of the eighty-five days of imprisonment. We think the ordinance is clearly within the powers conferred by the incorporating act, and not in conflict with any general law.

In *Ex parte Rosenheim*, 83 Cal. 390, a case which seems to be very much relied on by counsel for petitioner, the court construed a provision of the Penal Code, and held that it did not authorize imprisonment for the non-payment of a fine, where the judgment imposed both imprisonment and fine. In that case, the judgment was, that the defendant be imprisoned for the full term fixed by the code, and afterwards imprisoned until the fine should be satisfied at a specified rate per day. We are not now called upon to construe any such provisions of law as were construed in that case. All that we are required to do in this case is, to decide whether the ordinance which petitioner was convicted of violating is a valid one. If valid, the legality of the imprisonment of petitioner is unquestionable. We are not satisfied that the ordinance is invalid; therefore the petition is dismissed and petitioner remanded.

Beatty, C. J., Harrison, J., and De Haven, J., concurred.

McFarland, J., dissenting. — I dissent. The maximum term of imprisonment prescribed by the ordinance is ten days; and I do not think that the petitioner can be legally imprisoned longer than that time. The *law* under which he was tried is, not the charter, but the *ordinance;* and as that law prescribes ten days as the maximum term of imprisonment, he cannot, under the general statutory rule, be imprisoned longer than that time under the guise of working out a fine.

Paterson, J., dissenting. — When the legislature said that violations of the ordinances might be punished by "fine or imprisonment, or both," it meant to provide for precisely the same kind of punishment it has provided for in a multitude of cases in the Penal Code, where the court is authorized to impose a fine or imprisonment, or both. We have held here, in several cases, lately, that the power to impose a fine or imprisonment, or both, does not include the power to impose a fixed term of imprisonment and a fine, and also imprisonment for non-payment of the fine. The judgment may be for a fixed term of imprisonment, and a fine to be enforced by execution, but it cannot be for a fixed term, a fine, and imprisonment in satisfaction of the fine. (*Ex parte Rosenheim,* 83 Cal. 388; *Lowrey* v. *Hogue,* 85 Cal. 600.) It seems to me that there is an obvious inconsistency between those decisions and the decision in this case.

It is said that the trustees are clothed with general authority to enforce all municipal regulation, and that imprisonment is a common and not an unreasonable mode of enforcing payment of a fine. The same thing could have been said in the Rosenheim and other cases; but the question there considered — as it is here — is, not as to the reasonableness of the method of enforcing payment or satisfaction of the fine, but the power of the court to impose the additional penalty.

I am unable to appreciate the force of the suggestion
that the whole term of imprisonment being less than
three months, — the maximum term of imprisonment
allowed by the charter, — the petitioner cannot complain.
The legislature has provided that the penalty for battery
shall be a fine not exceeding one thousand dollars, or
imprisonment in the county jail not exceeding six
months, or both.   Lowrey was convicted of battery, and
was sentenced to serve a term of thirty days and pay a
fine of two hundred dollars, with the usual alternative
of imprisonment until the fine should be paid at the
rate of one day for every dollar. thereof.   If he had re-
mained in jail under the judgment, according to its terms,
until the fine was satisfied, the imprisonment would not
have exceeded the maximum term which the justice
*might* have imposed; and yet we held that the alterna-
tive clause was void.   (*Lowrey* v. *Hogue*, 85 Cal. 600.)   I
think the same thing should be done here.