[Crim. No. 1082. First Appellate District, Division One.—January 29, 1923.]

THE PEOPLE, Respondent, v. NAZZARENO SAPIENZO, Appellant.

[1] CRIMINAL LAW — PROBATION — SUSPENSION OF SENTENCE.—At the time of granting of probation it is not necessary for the trial court to make a formal order expressly declaring the imposition of sentence to be suspended.

[2] ID. — GRANTING PROBATION — EFFECT OF ORDER.—The effect of an order granting probation and releasing a defendant from custody for a given term of years, on certain specified conditions, is to suspend the order of sentence.

[3] ID.—PRONOUNCEMENT OF SENTENCE — TIME — DELAY — LACK OF PREJUDICE.—Defendant did not suffer prejudice by reason of not being sentenced within the time required by law under the provisions of section 1191 of the Penal Code, where the imposition of sentence was continued from time to time at his request, and only eighty-one days elapsed between the date defendant pleaded guilty and the date when probation was granted.

[4] ID.—REVOCATION OF PROBATION — DISCRETION — EVIDENCE.—The granting of probation is an act of grace subject to withdrawal if clemency is abused; and on this proceeding to revoke an order granting probation, the evidence having shown that the court had been deceived and imposed upon in granting the order for probation, the trial court did not abuse its discretion in revoking such order.

APPEAL from an order of the Superior Court of Fresno County denying a new trial and from an order revoking a prior order granting probation. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. L. Simons for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

TYLER, P. J.—This is an appeal from an order denying a motion for a new trial and from an order of the court revoking its prior order granting appellant probation, and from the judgment which was thereupon rendered.

The defendant was on January 10, 1922, duly arraigned upon a charge of assault with a deadly weapon. He pleaded guilty at that time to the charge, and the date for pronouncing judgment was fixed for January 28, 1922. An application for probation was made, and the matter was referred to the probation officer on the same day. Thereafter and from time to time at defendant's request imposition of sentence was continued until finally upon April 1, 1922, the court made an order releasing the defendant on probation. The order provided that defendant be released for ten years on condition that he give a bond in the sum of one thousand dollars and that he remain in Fresno until April 10, 1922, and if released on bond that he report to the probation officer during such period, and unless detained that he go east and remain out of California during the term of his probation.

Subsequently the district attorney served notice upon defendant and his counsel that he would on July 8, 1922, move the trial court to revoke the order of probation.

The motion was based upon four affidavits of different persons, which indicated that the defendant had committed the crime of arson. At the hearing the defendant made no counter-showing, and the order of probation was thereupon revoked.

Defendant appeals from such order, and contends that the court was without jurisdiction to revoke its former order and pronounce judgment upon him over his objection for the reason that no prior judgment had ever been pronounced or rendered against him, as provided by section 1191 of the Penal Code, and that no order had ever been made suspending the same; that the time within which judgment

might have been pronounced had expired when sentence was suspended; and it is claimed, therefore, that the court was without jurisdiction to pronounce judgment, and this court must in consequence grant a new trial by reason of section 1202 of the Penal Code. It is further urged that the court below abused its discretion in revoking the probation of defendant without any evidence showing the violation of the terms of probation.

[1] The first contention is based upon the fact that at the time of the granting of probation no formal order was made by the court expressly declaring the imposition of sentence to be suspended.

We do not think the probation law requires such formal order. Section 1203 of the Penal Code provides: "The court, judge or justice thereof, may suspend the imposing, or the execution of sentence, and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence except as hereinafter set forth, and upon such terms and conditions as it shall determine." It will be noticed that nowhere does this provision require that the court expressly declare that it suspends the imposition of sentence. The statute only declares that the court "may suspend the imposing" of sentence. It then proceeds and provides that the court "may direct that such suspension may continue," etc., which is the first direction as to what the order shall contain. This is precisely what was done.

[2] Moreover, the effect of the order granting probation and releasing the defendant from custody was to suspend the order of sentence. This is its manifest and necessary result. In *Ex parte Slattery*, 163 Cal. 176 [124 Pac. 856], it was held that under the so-called probation act the withholding of a commitment upon a judgment of conviction was the equivalent of suspending the execution of the sentence. We are of the opinion that the reasoning in that case applies with equal force here, and that there is no merit in this contention.

[3] Nor did the defendant suffer prejudice by reason of not being sentenced within the time required by law under the provisions of section 1191 of the Penal Code. The various continuances had for the imposition of sentence were at his request. The number of days between January

10th, when defendant pleaded guilty, and April 1st, when probation was granted, amount to eighty-one, which is within the time limit provided by section 1191 for such imposition.

[4] Equally without merit is the contention that the court abused its discretion in revoking the probation of the defendant. The granting of probation is an act of grace subject to withdrawal if clemency is abused. Subdivision (d) of section 1203 of the Penal Code provides in part as follows: ''The court shall have power at any time within the term of probation to revoke or modify its order of sus‑ pension of imposition or execution of sentence.'' If any reviewable question may arise under the provisions of this act they must always be confined to the fact as to whether or not the court abused its discretion. (*People* v. *Dunlop,* 27 Cal. App. 460 [150 Pac. 389].) The case does not pre‑ sent a situation where the court without justification has arbitrarily revoked its order of probation. The evidence upon the hearing for the revocation showed that the court had been deceived and imposed upon in granting the or‑ der. To hold under such circumstances that the order could not be revoked would be to sacrifice reason, justice, and the public welfare to technical refinement.

No other questions are here raised.

For the reasons given the orders and judgment are affirmed.

Richards, J., concurred.