[Crim. No. 1791. Second Appellate District, Division One.—May 11, 1929.]

In the Matter of the Application of HOLLAND McVEITY for a Writ of Habeas Corpus.

O. C. Ludwig for Petitioner.

Stephen Connell, District Attorney, and E. N. Clark, Deputy District Attorney, for Respondent.

CONREY, P. J.—Upon information filed, petitioner was tried and convicted of the crime of driving an automobile upon a public highway while under the influence of intoxicating liquor. The jury in its verdict recommended that the defendant be punished by imprisonment in the county jail for a term of ninety days. The defendant applied for probation. The minutes of the court for March 1, 1929, show that the application for probation having been heard, "the court orders the application for probation submitted, and by the court it is ordered that the defendant be granted probation, and that he pay a fine in the sum of five hundred dollars, and on failure to pay said fine that he be imprisoned in the county jail of the county of San Diego at the rate of one day for each two dollars of the said fine, and the defendant is remanded to the custody of the sheriff of San Diego county, to be by him held until said fine is paid, as will more fully appear in the probation order signed and filed herein hereafter." The probation order signed by the judge, of the same date, contains the same statement of the conditions of probation, together with some other particulars and regulations of the conduct of the defendant while under probation. In the signed order it is recited that "the imposing of sentence upon the defendant" was suspended. The fine remains unpaid.

Upon application of petitioner to the supreme court, a writ of *habeas corpus* was issued and made returnable before this court, and the petitioner was admitted to bail pending the disposition of this proceeding.

Section 112 of the California Vehicle Act (as amended by Stats. 1927, p. 1436), after prescribing the limits of punishment by fine or imprisonment for an offense of the description here involved, provides that upon every verdict of guilty under said section "the jury shall recommend the punishment and the court in imposing sentence shall have no authority to impose a sentence greater than that recommended by the jury."

Section 1203 of the Penal Code (as amended by Stats. 1927, p. 1493) provides that where the matter of probation is being considered, if the court shall determine that there are circumstances in mitigation of the punishment prescribed by law, or that the ends of justice would be subserved, "the court shall have power in its discretion to place the defendant on probation as hereinafter provided." It is further provided: "The court, judge or justice thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence, and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine. The court, judge or justice, in the order granting probation and as a condition thereof, may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; may fine the defendant in such sum not to exceed the maximum fine provided by law in such case; or may, in connection with granting probation, impose either imprisonment in the county jail, or fine, or both, or neither; may provide for reparation in proper cases; and may require bonds for the faithful observance and performance of any or all of the conditions of probation. . . . " Further on in the section it is provided that "if the probationer should violate the terms and conditions of his probation and the court should deem it just or necessary to revoke such probation, then and in that event any period of time which such probationer may have served in jail or other detention place or any fine paid, under the terms and conditions of his probation, shall be taken into consideration as a part of his punishment, and he shall have a credit therefor to be deducted from his term of confinement or from the amount of any fine imposed upon final judgment."·

Where a defendant has been released upon probation, and the probation is being revoked and terminated, "the court may, if the sentence has been suspended, pronounce judgment after said suspension of the sentence for any time within the longest period for which the defendant might have been sentenced." It is further provided that the court shall have power at any time during the term of probation

to revoke or modify its order of suspension of imposition or execution of sentence.

The amendment of section 112 of the Vehicle Act, limiting the authority to impose sentence after recommendation of sentence by the jury, was approved May 25, 1927. The amendment of section 1203 of the Penal Code, authorizing the court in granting probation to impose a fine as a condition of probation, was approved May 26, 1927. The two statutes went into effect simultaneously. They should be construed together and harmonized as far as their language permits. It should be noted that the provisions of section 1203, while they authorize the imposition of a fine or imprisonment in the county jail as a condition of probation, do not state that there may be an order of imprisonment for nonpayment of the fine. Section 1205 of the Penal Code provides that *a judgment* that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied. But the imposition of a fine as a condition of probation is not, in our opinion, a judgment imposing a fine, within the meaning of section 1205. The only permissible effect of nonpayment of a fine imposed as a condition of probation is that, by reason of such nonpayment, the right to be admitted to probation is thereby lost. Thereupon the probation may be revoked and the court may proceed to impose the sentence provided by law, or, if sentence has been pronounced, carry it into execution.

Considering the provisions of section 1203 of the Penal Code alone, and comparing them with the probation order made by the court below, it does not appear that the court exceeded its authority. There is, however, an additional question: Did the court, under the guise of an order granting probation, really attempt to subject the defendant to a punishment greater than that recommended by the jury? Here we may look to the substance of the matter, regardless of form. It has been held that the language of section 112 of the California Vehicle Act (that "the court in imposing sentence shall have no authority to impose a sentence greater than that recommended by the jury") is meant to be used in the sense of character of punishment. (*People* v. *Ray*, 92 Cal. App. 417 [268 Pac. 382].) So, in that case, where the jury recommended "imprisonment in the county jail," without stating any time limit, the court was authorized to

sentence the defendant to any term of imprisonment within the maximum lawful term of imprisonment in the county jail for the stated offense.

In the present proceeding it appears that in the case against petitioner in the superior court the jury's recommendation of imprisonment was for a term limited to ninety days. In such case the court "in imposing sentence" would not be authorized to send the defendant to jail for more than ninety days. Also, the court would be without authority "in imposing sentence" to impose a fine, since that would change the character of the recommended punishment. ■ But in an order admitting the defendant to probation it may well be that in this, as in other cases, the court is authorized, as a condition of probation, to impose a fine in accordance with the authority conferred by section 1203 of the Penal Code; provided, however, that the terms of the order do not in themselves clearly amount to the imposition of a punishment greater than that recommended by the jury in the instant case. ■ A very wide discretion is intended by the statute to be vested in the court in exercising its power to admit to probation a person convicted of crime. ■ If we are to hold here, as petitioner seeks to have us do, that he is entitled to a peremptory discharge from custody as one admitted to probation, we must do so upon the theory not only that the probation order is severable, but that the court presumably would have admitted the defendant to probation without regard to the fine and imprisonment. We think that in this case we should not indulge in such presumption. Without denying to petitioner any substantial right, the case may be left open for further proceedings in the court below, where an appropriate order may be made without causing the defendant to suffer imprisonment in the county jail for more than ninety days.

It is ordered that petitioner be remanded to the custody of the sheriff, and that petitioner, as defendant in the action against him, be brought before the superior court of San Diego County for admission to probation under appropriate conditions to be prescribed by the court, not in conflict with this decision, or for judgment upon the conviction, as the said superior court shall determine.

Houser, J., and York, J., concurred.