[Crim. No. 2689. Second Appellate District, Division Two.—June 27, 1935.]

THE PEOPLE, Respondent, v. JUNE WALLACH, Appellant.

A. Brigham Rose for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Appellant was charged under section 666 of the Penal Code by information with petty theft after having previously suffered a conviction of petty theft and having served a term of imprisonment therefor in a penal institution. She pleaded not guilty and denied the prior conviction, and the court, a jury having been waived, found her guilty and sentenced her to imprisonment in the state prison.

No claim of innocence or error is asserted as to the substantive offense with which appellant was charged, her contentions relating solely to the insufficiency of proof of the allegation of a prior conviction and to the decision of the court thereon.

The proof on the issue of prior conviction consisted of a certified copy of the docket of the Municipal Court of Los Angeles in the case of *People* v. *Vera Dean,* showing that the defendant therein entered a plea of guilty to the charge of petty theft contained in a complaint filed July 29, 1931, and that after arraignment for sentence the court on August 4, 1931, made the order ''that for the said offense of petit theft the said Miss Vera Dean be imprisoned in the county jail of Los Angeles County for the term of 90 days and the said defendant be discharged at the expiration of said term. Sixty days suspended for period according to law. Defendant to report to probation officer as directed. Defendant committed.'' This was supplemented by the testimony of an officer that he had arrested the defendant ''Miss Wallace'', that on August 4, 1931, he was present in division 6, municipal court, and that the defendant waived time for sentence; that the defendant on that occasion stated that her true name was Vera Dean; ''that the court sentenced her to serve ninety days and suspended sixty days of the ninety and ordered her to report to the probation officer . . . after the thirty days had been served'', and that on the afternoon of the same day and several times thereafter the witness saw the defendant in the county jail. The testimony of the officer sufficiently showed that the defendant in this case was the same person as the defendant referred to in the docket of the municipal court.

Under section 666 of the Penal Code a conviction of petty theft, an offense which standing by itself is only a misdemeanor, is made a felony if it be charged and proved that the

defendant had previously been convicted of petty theft and in addition to the fact of conviction had served a term of imprisonment therefor in a penal institution. Concretely, appellant contends that detention in the county jail as a condition of probation is not the serving of a term of imprisonment.

The only way in which a sentence can be legally suspended is by proceeding under the provisions of the probation law (*People* v. *Mendosa,* 178 Cal. 509 [173 Pac. 998]; *Ex parte Slattery,* 163 Cal. 176 [124 Pac. 856]; *In re Clark,* 70 Cal. App. 643 [234 Pac. 109]; *In re Cohen,* 198 Cal. 221 [244 Pac. 359]; *People* v. *Harvey,* 137 Cal. App. 22 [29 Pac. (2d) 787]), and the municipal court had implied power (since then expressly conferred by section 1203a of the Penal Code) to effect a suspension of the sentence by following, but only by following, the form and method prescribed in section 1203 of the Penal Code. While the order of the municipal court judge as it appeared on the docket is somewhat inartificial, no formal order was required for the granting of probation. (*People* v. *Sapienzo,* 60 Cal. App. 626 [213 Pac. 274]; *In re Herron,* 217 Cal. 400 [19 Pac. (2d) 4].) In the Herron case the trial court, after imposing a sentence of 30 days following the defendant's conviction of petty theft, made the mere order, "Sentence suspended", and it was held that this was an order placing the defendant on probation for a term equal in length to the maximum period of imprisonment provided as the penalty for that offense.

Respondent urges that the action of the municipal court in the case at bar was in fact a judgment amounting to a straight thirty-day sentence followed by a sixty-day period of probation. Upon the conviction of a defendant of a single offense the court, unless probation is prohibited by the restrictions of section 1203 of the Penal Code, may sentence the defendant in accordance with the penalty for the offense in question, or may, either before or after judgment and sentence, place the defendant on probation; but the court is without authority, upon a conviction of but one offense, to grant probation to a defendant and at the same time sentence him to a term of imprisonment. (*In re Nichols,* 82 Cal. App. 73, 81 [255 Pac. 244].) Nor has it the power, where probation is not granted, to add to a sentence of imprisonment a provision relieving the defendant of a portion of the im-

prisonment. (*In re Eyre,* 1 Cal. App. (2d) 451 [36 Pac. (2d) 842].) ██ It is not, however, necessary nor warranted to hold the judgment and order of the municipal court invalid, for they are obviously a judgment and sentence of imprisonment for a period of ninety days followed by an order suspending the sentence and placing the defendant on probation upon condition that she spend the first thirty days in the county jail.

██ The fact that the defendant spent the first thirty days of her probationary period in the county jail does not amount to her having served a term of imprisonment in a penal institution. That period of detention was imposed not as a sentence but as a condition of probation, and the granting of probation suspended the execution of the ninety-day sentence previously imposed. It cannot be said that the thirty days spent by defendant in the county jail was served under the sentence, where that sentence had been suspended by the probation order. ██ Furthermore, the order placing a defendant on probation, even though it include as a condition a period of detention in the county jail, is not a judgment and sentence. (*People* v. *Roberts,* 136 Cal. App. 709, 713 [29 Pac. (2d) 432].) Similarly it has been held that the imposition of a fine as a condition of probation is not a judgment imposing a fine. (*In re McVeity,* 98 Cal. App. 723, 727 [277 Pac. 745].) That a period of detention in a county jail as a condition of probation is not a sentence is also evident, when we consider that such a condition can be imposed where a defendant has been convicted of a crime which is not punishable by imprisonment in the county jail. The fact that if probation is revoked and the defendant committed to serve the sentence imposed he is, under section 1203 of the Penal Code, entitled to receive credit for time spent in jail as a condition of probation, does not affect the question before us, though the very fact that the legislature deemed it necessary to specifically provide for such credit indicates that without such provision the prisoner would be entitled to no such credit. It might also be noted that detention in a county jail as a condition of probation is not the only form of detention provided by section 1203, for subdivision 1 thereof includes "road camps, farms or other public work", and any time spent in detention other than in a county jail

is likewise made a credit upon a subsequent imprisonment under sentence after revocation of probation.

The evidence herein fails to establish that appellant, after having previously suffered a conviction of petty theft, served a term of imprisonment therefor.

■ Appellant also claims that the decision of the court finding her "guilty as charged", without the further finding of the truth of the allegation as to the prior conviction, was not sufficient to support the judgment. The quotation, *supra*, relied upon is not, however, a quotation from the decision of the court, but from the clerk's minutes. It does appear from the recitals of the court at the time of judgment and sentence that the court had previously "announced its decision finding you [defendant] guilty of the offense, towit, petit theft, with a prior conviction thereof"; and appellant's counsel in moving under section 1191 of the Penal Code for a modification of the judgment, without the granting of a new trial, to the lesser crime of simple petty theft, declared that his opinion in the matter of the proof of the allegation of prior conviction was contrary to the previously expressed opinion of the court. The record does not warrant the conclusion that the trial court did not make a decision upon the issue of former conviction.

The judgment is modified and the cause remanded to the trial court with directions to enter a judgment against defendant finding her guilty of petty theft, and to thereupon pronounce judgment and sentence as prescribed by law.

Crail, J., and Stephens, P. J., concurred.