46 Cal.App.2d 848 (1941)
In re RUDY GOETZ, on Habeas Corpus.
Crim. No. 468. 
California Court of Appeals. Fourth Dist. 
Sept. 25, 1941.
 N. D. Meyer for Petitioner.
 George F. Holden, District Attorney (Orange County), and Roland Thompson, City Attorney (Newport Beach), for Respondent.
 MORTON, J., pro tem.
 Petitioner was found guilty of anchoring a vessel in Newport Harbor, within the jurisdiction of the city of Newport Beach, at an anchorage, which had not been first approved by the harbor master of the city. On appeal to the Superior Court of Orange County the judgment was affirmed. Subsequently, an application for a writ of habeas corpus in said superior court was denied. Being still dissatisfied, petitioner asks this court for his discharge on a writ. *850
 [1] Attention is directed to certain alleged variances in the complaint, verdict, judgment and commitment. It is sufficient to say that when read together there are no fatal defects. (People v. Ring, 26 Cal.App.2d Supp. 768 [70 PaCal.2d 281], at 773; In re Tom Wong, 122 Cal.App. 672 [10 PaCal.2d 797], at 674.)
 After the verdict of the jury in the police court, the following judgment was pronounced:
 "Wherefore, it is by this Court ordered and adjudged that for said offense you, the said Rudy Goetz pay a fine in the sum of $100 and 90 days in the County jail and the jail sentence be suspended on good behavior and in case said fine not be paid by 9:00 o'clock A. M. of the 28th day of June, 1941, that you, the said defendant be imprisoned in the County Jail of Said County until the fine be duly satisfied in the proportion of one day's imprisonment for every two dollars of the fine, and on the payment of such portion of said fine as shall not have been satisfied by imprisonment at the rate above prescribed, that you, the said defendant be discharged from custody."
 "Done in open Court this 24th day of June, 1941."
 "Robert Gardner, City Judge."
 After reciting the court proceedings the commitment was as follows:
 "WHEREFORE, it is by the court here ordered and adjudged that for said offense, you, the said Rudy Goetz do pay a fine in the sum of One Hundred Dollars, and be imprisoned in the County Jail of said County of Orange for the period of Fifty days until the said fine be duly satisfied, in the proportion of one day's imprisonment for every two dollars of said fine, and on payment of such portion of said fine as shall not have been satisfied by imprisonment at the rate above prescribed, said defendant be discharged from custody."
 [2] Justice's and police courts may now grant probation summarily. Thus, by suspending the jail sentence the court granted the defendant probation. Referring to People v. Wallach, 8 Cal.App.2d 129 [47 PaCal.2d 1071], at page 132, we find:
 "The only way in which a sentence can be legally suspended is by proceeding under the provisions of the probation law (People v. Mendosa, 178 Cal. 509 [173 P. 998]; Ex *851 parte Slattery, 163 Cal. 176 [124 P. 856]; In re Clark, 70 Cal.App. 643 [234 P. 109]; In re Cohen, 198 Cal. 221 [244 P. 359]; People v. Harvey, 137 Cal.App. 22 [29 PaCal.2d 787], and the municipal court had implied power (since then expressly conferred by section 1203a of the Penal Code) to effect a suspension of the sentence by following, but only by following, the form and method prescribed in section 1203 of the Penal Code. While the order of the municipal court judge as it appeared on the docket is somewhat inartificial, no formal order was required for the granting of probation. (People v. Sapienzo, 60 Cal.App. 626 [213 P. 274]; In re Herron, 217 Cal. 400 [19 PaCal.2d 4].) In the Herron case the trial court, after imposing a sentence of 30 days following the defendant's conviction of petty theft, made the mere order, 'Sentence suspended', and it was held that this was an order placing the defendant on probation for a term equal in length to the maximum period of imprisonment provided as the penalty for that offense."
 [3] When probation is granted there is no finality to the proceeding; the judgment may be modified or set aside by the court under the statute. [4] An order placing a defendant on probation, even though it include as a condition a period of detention in the county jail, is not a judgment and sentence. Also, the imposition of a fine as a condition of probation is not a judgment imposing a fine. (People v. Wallach, supra; People v. Roberts, 136 Cal.App. 709 [29 PaCal.2d 432].) "In this cause, although defendant was guilty and had been convicted, having been placed on probation in the first instance there was no existing judgment against him. Probation is not a judgment." (In re Marquez, 3 Cal.2d 625 [45 PaCal.2d 342], at 627; In re Herron, 217 Cal. 400 [19 PaCal.2d 4].)
 [5] In view of the decision cited, it is clear that here we do not have a judgment that the defendant be imprisoned and that he pay a fine and if unpaid that he serve the equivalent of the fine in jail. Further, the petitioner is not in a position to complain of an excessive penalty. In In re Glancy, 139 Cal.App. 766 [34 PaCal.2d 834], the petitioner was convicted in a justice's court of disturbing the peace and sentenced to six months in the county jail. The court said, at page 767: "While confined therein, and before the expiration of ninety days, the maximum legal imprisonment *852 for such offense, he petitions, through his attorney, in habeas corpus to be released on the ground that the judgment is void. But the judgment is not void and habeas corpus will not assist him until the legal time has been served. (In re Morck, 180 Cal. 384 [181 P. 657]). ..."
 In considering this matter and the points presented by defendant, we have gone beyond the usual limits of habeas corpus. There has been no miscarriage of justice and on the question raised by the petition it clearly appears that the defendant has not been illegally deprived of his liberty.
 The petition is dismissed and prisoner remanded.
 MARKS, Acting P. J., and GRIFFIN, J.,
 Concurring.
 We concur:
 In addition to the reasons given for remanding the petitioner in the foregoing opinion we wish to submit the following:
 [6] Waiving the question of whether a judgment was pronounced on defendant in this case or probation was granted him, it seems that the facts bring it squarely within the rule announced in Ex parte Green, 94 Cal. 387 [29 P. 783], where a sentence was pronounced on defendant for violation of a city ordinance. The sentence was in the same form as the one before us except that there was no attempt to grant probation. There the petitioner was convicted and was sentenced to imprisonment for ten days and fined $150 with the provision that if he failed to pay the fine he be imprisoned in the city jail of Pomona until the fine be collected at the rate of one day's imprisonment for each two dollars of the fine remaining unpaid. In upholding the legality of the sentence of imprisonment for ten days together with additional imprisonment to collect an unpaid portion of the fine, the Supreme Court, in remanding the petitioner, said:
 "The power to impose fines is clearly conferred, but no mode is provided for their collection. We think in such a case it is clearly within the power of a municipal corporation to adopt any reasonable mode for the enforcement of the payment of any fine that it is authorized to impose. We think this power is clearly implied in the power to impose a fine. ... *853 "
 "We can conceive of nothing more necessary and proper for carrying out the provision empowering the board of trustees to impose fines for violations of ordinances, than a mode of enforcing the payment of them. Without the power of enforcing the payment of such fines, the imposition of them would be nugatory. The constitution of this state provides that 'any county, city, town, or township may make and enforce, within its limits, all such local, police, sanitary, and other regulations as are not in conflict with general laws.' (Const., art. XI, sec. 11.) It is not claimed that the ordinance which petitioner was convicted of having violated conflicts in any manner with any general law; therefore the power to enforce it is expressly conferred by the constitution, subject, of course, to the rule that the mode of enforcing it be a reasonable one."
 Ex parte Green, supra, was distinguished from those cases in which sentences were pronounced after convictions for violations of the provisions of the Penal Code in People v. Brown, 113 Cal. 35 [45 P. 181].
 Under the authority of Ex parte Green, supra, petitioner must be remanded even though it be conceded, as he contends, that he was sentenced to ninety days in the county jail and a fine of $100 to be collected at the rate of one day's imprisonment for each two dollars of the fine or its unpaid portion, and was not given probation. *854