[Civ. No. 23600. Second Dist., Div. Three. Feb. 11, 1959.]

DAVID INEZ, Petitioner, v. SUPERIOR COURT of LOS ANGELES COUNTY, Respondent.

Joseph T. Forno for Petitioner.

William B. McKesson, District Attorney, Lewis Watnick, Deputy District Attorney, for Respondent.

PATROSSO, J. pro tem.*—This is an original proceeding to review an order restoring probation following an order terminating probation. Upon filing of the petition we issued an order to show cause.

The petitioner having been found guilty of violating Penal Code, section 67, bribery, he was, on July 6, 1956, placed upon probation for a period of 10 years upon various conditions including among others that his place of residence and employment be approved by the probation officer.

On November 27, 1956, petitioner gave notice of a motion for modification of probation which was supported by an affidavit wherein it was averred that defendant "lives in Los Angeles with his wife and child while all of his brothers reside in the Philippine Islands and operate a bus terminal in Manila running buses to the provinces and want defendant to enter the business with them. That defendant wishes to return to the Islands with his own family to live and would like permission to leave and would like permission of this Court to do so. That defendant is informed there is no compact between the United States and the Philippine Islands whereby supervision may be carried on in the Islands."

The motion came on for hearing on December 13, 1956, and in granting the same the court stated: "He [the defendant] will be permitted to leave the country and probation will be terminated when he leaves the United States to become a resident of the Philippine Islands. That means that you are not just to go over to the Philippine Islands and then come back to the United States, because if you do, we will reinstate probation." The order as it appears in the minutes reads as follows: "Probation is modified: Defendant is permitted to return to his home in the Philippine Islands upon payment of remainder of his fine. Probation to be terminated upon his leaving the United States. Released."

Following this order petitioner, during the latter part of March 1957, left the United States for Manila arriving there on March 28, 1957. In leaving the United States he applied for and was granted a passport and visa permitting him to enter the Philippine Islands as a temporary visitor. He left his wife and child in Los Angeles and he did not dispose of his furniture or any of his other possessions before leaving. He remained in Manila only from March 28, 1957, to April 14, 1957, returning to this country on April 15, 1957. There-

*Assigned by Chairman of Judicial Council.

after he was brought before the court for violating his probation and on October 20, 1958, the court restored probation upon the same terms and conditions as those previously imposed. Petitioner seeks annulment of this last order.

■ Petitioner contends that the trial court having terminated probation was without jurisdiction later to vacate such order and restore probation. While this is undoubtedly true as a general rule it is without application to the situation here.

Other considerations aside, the court was warranted in revoking its prior order terminating probation by reason of the fact that it had been procured by the petitioner by fraud and deceit practiced upon the court. It is clear that the court's action in modifying probation so as to permit petitioner to return to the Philippine Islands and providing that probation should terminate upon his leaving the United States was made upon the representation of petitioner (and his then counsel) that it was his purpose and intention to leave the United States and permanently establish his residence in the Philippines. In view of the evidence that petitioner applied only for a visitor's permit, representing in so doing that he would be absent from the United States for approximately two months; that he left his wife and child in Los Angeles, as well as his furniture and other possessions, and that he remained in the Philippines for only 17 days, the court was warranted in concluding, as it apparently did, that at the time the petitioner applied for a modification of probation he had no intention of permanently leaving the United States for the purpose of establishing residence in the Philippines and that his representations to this effect were made for the purpose of deceiving the court in order to induce it to grant petitioner's motion.

In *People* v. *Sapienzo* (1923), 60 Cal.App. 626, 629 [213 P. 274], the court in upholding an order revoking a former order granting probation which had been obtained by deceit said: "The case does not present a situation where the court without justification has arbitrarily revoked its order of probation. The evidence upon the hearing for the revocation showed that the court had been deceived and imposed upon in granting the order. To hold under such circumstances that the order could not be revoked would be to sacrifice reason, justice, and the public welfare to technical refinement."

The order to show cause heretofore issued is discharged and the petition is denied.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied March 10, 1959, and petitioner's application for a hearing by the Supreme Court was denied April 8, 1959.