[Crim. No. 10745.   Second Dist., Div. Four.   Mar. 22, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. VERNON TYRONE COWINS, Defendant and Appellant.

Glory D. Coffey, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Robert Francis, Deputy Attorneys General, for Plaintiff and Respondent.

FILES, P. J.—Under a single case number we have separate appeals from two convictions for petty theft committed after a prior conviction of petty theft (Pen. Code, § 666).

Each case was tried separately, before a different judge and on a different record. In each case the defendant waived his right to a jury trial and agreed to submit the matter upon the transcript of the preliminary examination. Defendant was found guilty as charged and sentenced to state prison, the two sentences to run concurrently.

Counsel appointed by this court to assist defendant on these appeals has reported that, upon thorough examination of the record and after consultation with the attorney who represented defendant at the trial, no issue of law which could be presented on this appeal has been found in the case tried under superior court number 288143. We have also examined the record and have found no error.

In superior court number 294260 counsel makes a single point: that the prosecution failed to prove that defendant had "served a term" for his prior conviction, citing *People* v. *Wallach*, 8 Cal.App.2d 129 [47 P.2d 1071]. The cited case is not controlling here because of the subsequent (1957) amendment of Penal Code section 666.

The controlling facts of the case at bench may be stated simply. The information charges and the evidence shows without conflict that on September 16, 1964, defendant stole two suits from a department store in Los Angeles. An exhibit, consisting of a certified copy of records of the Los Angeles County Sheriff, shows that Vernon Tyrone Cowins (stipulated to be the same person as defendant here) had been imprisoned in the county jail from June 25 to August 9, 1964, pursuant to a commitment from the Municipal Court of the Citrus Judicial District "for the term of 60 days. 1 day suspended" by reason of a conviction for the offense of petty theft, in violation of Penal Code section 484.

At the time the *Wallach* case arose, the introductory paragraph of Penal Code section 666 read: "Every person who, having been convicted of petit larceny or petit theft and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable therefor as follows: . . ." (Stats. 1931, ch. 481, § 2, p. 1051.)

The defendant in the *Wallach* case had suffered a prior conviction for petty theft, for which the court had ordered that she be imprisoned in the county jail "for the term of 90 days," of which 60 days were suspended. She actually served

the first 30 days in jail. The appellate court pointed out that the only way in which a sentence can legally be suspended is by proceeding under the probation law. Thus the order which the court had made suspending 60 days of the 90-day sentence amounted to a grant of probation, conditioned upon the defendant's spending 30 days in jail. The court held that a period of detention as a condition of probation was not a "term" within the meaning of section 666.

In 1957 the Legislature amended the introductory paragraph of section 666 to read thus: "Every person who, having been convicted of petit larceny or petit theft and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, commits any crime after such conviction is punishable therefor as follows: . . ." (Stats. 1957, ch. 1284, § 1, p. 2607.) This is the present form of the statute.

The apparent purpose and effect of the amendment was to make section 666 applicable to persons who have been imprisoned as a condition of probation, as well as to persons who have "served a term" under a straight sentence of imprisonment.

In the case at bench, though it appears that defendant had been in jail as a condition of probation and had not "served a term" within the meaning of the *Wallach* case, he is nevertheless subject to the felony punishment prescribed in section 666 since the 1957 amendment.

We have examined the entire record in case 294260 and find no error.

Each judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.